# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| **MARTIN J. WALSH,** Secretary of Labor, United States Department of Labor, | )<br>)<br>) |
| Plaintiff, | ) Case No. 3:22-cv-253<br>) |
| v. | )<br>) Judge THOMAS M. ROSE<br>) |
| **GREENE COUNTY EDUCATIONAL SERVICE CENTER,** | )<br>)<br>) |
| Defendant. | )<br>) |

## CONSENT ORDER AND JUDGMENT

Plaintiff, Martin J. Walsh, Secretary of Labor, United States Department of Labor filed a complaint alleging Defendant Greene County Educational Service Center ("Defendant" or "Greene County ESC") violated the Emergency Paid Sick Leave Act ("EPSLA") provisions of the Families First Coronavirus Response Act as amended by the Coronavirus Aid, Relief, and Economic Security Act, Pub. L. No. 116-127, 134 Stat. 178 (the "FFCRA") §§ 5101-5111 (2020), Sections 16 and 17 of the Fair Labor Standards Act of 1938, as Amended ("FLSA") (29 U.S.C. §§ 216 and 217), and the Emergency Family and Medical Leave Expansion Act ("EFMLEA" or "the Act") (29 C.F.R. § 826), an amendment to the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601, et seq. ("FMLA") (hereinafter collectively referred to as "the Acts."). Defendant has appeared by counsel, and waives formal service of process of the Summons and Complaint, waives its Answer and any defense which it may have and, having been duly advised in the premises, agrees to the entry of this Judgment without contest, subject to the terms set forth herein. Defendant also admits to the jurisdiction of this Court over it and the subject matter of this action.

18177073v1

NOW, therefore, upon motion of attorneys for the Secretary and Defendant, and for cause shown, it is hereby:

**ORDERED AND JUDGMENT IS HEREBY ENTERED** against Defendant pursuant to Sections 3102 and 5102 of the FFCRA, Sections 16(c) and 17 of the FLSA and Section 107 of the FMLA, as follows:

## I.

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED,** pursuant to Section 17 of the FLSA and Section 107 of the FMLA, that Defendant, its officers, agents, servants, employees, successors, assigns and all persons in active concert or participation with it be, and hereby are, permanently enjoined and restrained from violating the provisions of the EPSLA or the EFMLEA, in any of the following manners:

1. Defendant shall not request, solicit, suggest, or coerce, directly or indirectly, any employee to return or offer to return to Defendant or to someone else for Defendant, any money in the form of cash, check, or any other form, for wages previously due or to become due in the future to said employee under this Judgment; nor shall Defendant accept, or receive from any employee, either directly or indirectly, any money in the form of cash, check, or any other form, for wages heretofore or hereafter paid to said employee under this Judgment; nor shall Defendant discharge or in any other manner discriminate, nor solicit or encourage anyone else to discriminate, against any such employee because such employee has received or retained money due to him/her from Defendant under this Judgment or the FFCRA, FLSA, or FMLA.

2. Defendant, its agents, officers or employees shall not, contrary to Section 15(a)(3) of the FLSA and Section 105 of the FMLA, threaten, retaliate, or discriminate in any way against any current or former employee of Defendant for exercising any rights under the FLSA, including,

but not limited to, employee complaints regarding FFCRA, EPSLA, FLSA, EFMLEA, and FMLA compliance made to Defendant or to the Wage and Hour Division of the United States Department of Labor, or cooperation with an investigation conducted by the Wage and Hour Division.

3. Defendant shall not withhold payment of any compensation owed to the employee pursuant to this Judgment for the period and in the amounts set forth following the employee's name in the attached Exhibit 1.

## II.

**It is further ORDERED, ADJUDGED and DECREED by the Court that:**

4. Defendant is enjoined and restrained from withholding gross back wages in the sum total amount of $2,080.60, less applicable taxes and withholdings, due to the employee of Defendant listed and identified in Exhibit 1.

## III.

**FURTHER, JUDGMENT IS HEREBY ENTERED**, pursuant to Section 16(c) of the Act, in favor of the Secretary and against Defendant in the total amount of $4,161.20 less applicable taxes and withholdings from the back wages (the "Recovery Amount") as follows:

5. The Recovery Amount represents $2,080.60 in back wages ("Back Wages") and $2,080.60 in liquidated damages ("Liquidated Damages"), for violations of the FFCRA, EPSLA, FLSA, EFMLEA, and FMLA by Defendant alleged to have occurred during the pay periods beginning August 31, 2020, and ending November 21, 2020 ("Relevant Period"). For purposes of this Consent Order and Judgment, Defendant accepts the Secretary's calculation of gross back wages and liquidated damages and waives any right or entitlement to challenge the accuracy of these amounts.

6. Defendant shall pay the Recovery Amount for Defendant's employee listed in Exhibit 1 to the Secretary.

7. The Secretary shall distribute the money to the employee listed in Exhibit 1, less applicable deductions for employees' share of FICA, Medicare, and withholding taxes.

8. Defendant shall be responsible for the employer's share of FICA, Medicare, and other applicable taxes and any other necessary payments to the appropriate federal and state revenue authorities for the employee listed on Exhibit 1.

9. Within fourteen days from the entry of this Judgment, Defendant shall pay the Recovery Amount in one lump sum amount. Such payment will be made online by ACH transfer, credit card, debit card, or digital wallet by going to www.pay.gov/public/form/start/77692637 or by going to www.pay.gov and searching "WHD Back Wage Payment – Midwest Region."

10. Within fourteen days of the entry of this Judgment, Defendant shall provide the Secretary with contact information and the social security number for the employee listed in Exhibit 1 to assist the Secretary in locating that employee. Such information shall be mailed to: Assistant District Director, U.S. Department of Labor, Wage and Hour Division, 550 Main Street, Suite 10-277, Cincinnati, OH 45202.

11. Any portion of the Back Wages or Liquidated Damages not paid by Plaintiff to the employee listed in Exhibit 1 within three years from the date of receipt of the funds shall, pursuant to Section 16(c) of the FLSA, be covered into the Treasury of the United States as miscellaneous receipts.

### IV.

12. The payment made by Defendant pursuant to this Consent Order and Judgment is in full satisfaction of any amounts alleged to be owed under the Acts to the individual listed in

18177073v1

Exhibit 1, as it relates to the allegations made in the Complaint regarding the timeframe of August 31, 2020 to November 21, 2020. The provisions of this Judgment shall not in any way affect any legal right of any individual not named on Exhibit 1, nor shall the provisions in any way affect any legal right of any individual named on Exhibit 1 to file any action against Defendant for any violations alleged to have occurred outside the Relevant Period.

13. The parties agree that the instant action is deemed to solely cover Defendant's business and operations for the Relevant Period for all claims raised in the Complaint as a result of the Secretary's investigation. The parties agree that the filing of this action and the provisions of this Judgment shall not, in any way, affect, determine, or prejudice any and all rights of any person specifically named on Exhibit 1 or the Secretary for any period after November 21, 2020, or any persons, be they current or former employees, not specifically named on Exhibit 1, insofar as such rights are conferred and reserved to said employees by reason of Sections 3102 and 5102 of the FFCRA, Section 16(b) of the FLSA, or Section 107 of the FMLA.

14. By entering into this Consent Order and Judgment, the Secretary does not waive his right to conduct future investigations of Defendant under the provisions of the FFCRA, FLSA, or FMLA, and to take appropriate enforcement action, including assessment of civil money penalties pursuant to Section 16(e) of the FLSA or Section 109 of the FMLA, with respect to any violations disclosed by such investigations.

## V.

15. Each party shall bear its/his own fees and other expenses incurred by such party in connection with any stage of this proceeding to date with no costs and expenses awarded by the Court, including, but not limited to, any and all costs and expenses referenced under the Equal Access to Justice Act, as amended.

16. Defendant denies the allegations made against it in Plaintiff's Complaint and any and all damages and liability set forth therein; nothing in this Consent Order and Judgment is an admission of wrongdoing by Defendant.

17. This Consent Judgment constitutes the entire agreement of the parties and resolves the issues in the Complaint, including the back wages due for the employee listed in Exhibit 1.

18. Exhibit 1 attached hereto shall be incorporated into this Judgment by reference.

## VI.

19. The Court shall retain jurisdiction over this matter for purposes of enforcing the terms and conditions of this Judgment.

All of which is **ORDERED, ADJUDGED** and **DECREED** this 14th day of November, 2022.

*s/Thomas M. Rose*
**U.S. DISTRICT COURT JUDGE**

BEVERLY A. MEYER (0063807)
Attorney for Defendant

Bricker & Eckler, LLP
312 N. Patterson Blvd., Ste. 200
Dayton, Ohio 45402
(937) 224-1849
bmeyer@bricker.com

Date: November 11, 2022

Kenneth Rock
Digitally signed by Kenneth Rock
Date: 2022.11.12 10:34:59 -05'00'

KENNETH M. ROCK (0096482)
Attorney for Plaintiff

U.S. Department of Labor
1240 East Ninth Street, Room 881
Cleveland, Ohio 44199
(216) 357-5392
rock.kenneth.m@dol.gov

Date: November 12, 2022

OF COUNSEL:

SEEMA NANDA
Solicitor of Labor
CHRISTINE Z. HERI
Regional Solicitor
LEAH A. WILLIAMS
Associate Regional Solicitor

# EXHIBIT 1

Elizabeth Sinclair